OPINION
On April 6, 2000, the Knox County Grand Jury indicted appellant, Michael Severns aka Michael Greywolf, on five counts. Relevant of this appeal are Counts 4 and 5. Count 4 charged appellant with rape in violation of R.C. 2907.02 and Count 5 charged appellant with unlawful sexual conduct with a minor in violation of R.C. 2907.04. Said charges arose from incidents involving April Sturgess, then age fourteen.
A jury trial commenced on July 24, 2001. The jury found appellant guilty on both counts. As the offenses were allied offenses of similar import, the state elected to proceed on the rape count. By judgment entry filed August 17, 2001, the trial court sentenced appellant to a definite term of ten years in prison. In addition, the trial court found appellant to be a sexual predator.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE WHERE THE TESTIMONY AT TRIAL FAILED TO SHOW THAT DEFENDANT-APPELLANT COMMITTED ANY OF THE OFFENSE CHARGED IN THE INDICTMENT."
 II "THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE TESTIMONY AT TRIAL FAILED TO SHOW THAT DEFENDANT-APPELLANT COMMITTED THE OFFENSES CHARGED IN THE INDICTMENT."
 III "DEFENDANT-APPELLANT WAS IMPROPERLY ORDERED TO SERVE MAXIMUM AND CONSECUTIVE SENTENCES."
 IV "DEFENDANT-APPELLANT WAS IMPROPERLY CLASSIFIED AS A SEXUAL PREDATOR."
 I, II
Appellant claims his convictions were against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of rape in violation of R.C. 2907.02 which states in pertinent part: "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Appellant was also convicted of unlawful sexual conduct with a minor in violation of R.C. 2907.04 which states "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." There is no dispute that Miss Sturgess was fourteen at the time of the incidents and appellant was forty-three. T. at 95, 125, 267.
Appellant challenges his convictions by attacking the credibility of the victim and the limited DNA evidence. Specifically, appellant argues the victim is a troubled child who made up the charges, the chain of evidence was questionable and there was a plausible explanation as to the presence of his DNA on the victim's shirt.
On the day in question, Miss Sturgess was at the home of her friend Kendra. Kendra resides with her mother and appellant, her "stepfather." Miss Sturgess testified to appellant committing acts upon her which constituted rape and unlawful sexual conduct. T. at 108-115. After the incidents, Miss Sturgess and Kendra left to get pizza. T. at 115-116. They returned to the house and ate pizza with several individuals, including appellant. T. at 117. Thereafter, Miss Sturgess went home and reported the incidents to her father. T. at 118. Authorities were called in and a rape kit was administered to Miss Sturgess. T. at 122. While appellant's DNA was not located on the swabs taken from Miss Sturgess, his DNA was found on the shirt Miss Sturgess had been wearing. T. at 200, 208.
A defense witness, Penny Rayburn, testified she had sexual relations with appellant on the day in question in the bedroom of the house. T. at 244-245, 250. Ms. Rayburn testified appellant has a tattoo of Wile E. Coyote on his penis. T. at 245-246. Another defense witness, Connie Ware, Miss Sturgess's stepsister, testified she saw Miss Sturgess after the reported incidents and she was "acting fine." T. at 260.
Appellant told Detective Sergeant Robert Durbin the last time he had sexual relations on his bed was on the night before the reported incidents. T. at 289. Appellant stated his partner was Hope Ott. T. at 290. Appellant did not mention having sexual relations with Ms. Rayburn on his bed the following day.
Appellant argues Miss Sturgess's demeanor after the reported incidents was inconsistent with what had allegedly happened. Although Miss Sturgess testified to being scared of appellant during the incidents, she did not appear to be scared of him afterwards. T. at 112, 113, 261. Also, Miss Sturgess did not immediately report the incidents, but instead ate pizza with appellant and others.
Appellant further argues Miss Sturgess did not testify to noticing the tattoo of Wile E. Coyote on his penis. On cross-examination, Miss Sturgess was asked whether she noticed "anything unusual" about appellant's body. T. at 133. Miss Sturgess replied in the negative. Id. When asked if she saw any tattoos of any kind, Miss Sturgess replied in the affirmative. T. at 134. However, appellant has multiple tattoos all over his body and no inquiry was made to determine whether or not Miss Sturgess noticed the specific tattoo on appellant's penis. T. at 272.
Appellant discounts the DNA evidence found on Miss Sturgess's shirt by suggesting the shirt may have belonged to Kendra and her mother may have worn it or Miss Sturgess sat on his bed and his sperm was on the bed. We note coupled with the sperm cells found in the stain taken from the shirt were non-sperm cells "consistent with the profile of April Sturgess." T. at 207-208.
The apparent delay in reporting the incidents, as well as the total confusion by everyone except the victim as to the time of the incidents were factors to be considered by the trier of facts. Clearly these factors were discounted by the victim's unshaken testimony and the testimony surrounding appellant's attempt to plant a jar of used condoms in the victim's bedroom in an attempt to discredit her. T. at 283-284, 292.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Based upon the choices given the jury, to believe the victim and the DNA evidence or the questionable testimony of Ms. Rayburn and Ms. Ware, we are not convinced that the jury lost its way.
Upon review, we find sufficient evidence, if believed, to support the guilty findings, and no manifest miscarriage of justice.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in sentencing him to the maximum sentence of ten years. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 "(b) That the sentence is otherwise contrary to law."
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Appellant was found guilty of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree.[1] Pursuant to R.C. 2929.14(A)(1), felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." By judgment entry filed August 17, 2001, the trial court sentenced appellant to ten years in prison.
Pursuant to R.C. 2929.14(C), a trial court may impose the longest prison term authorized for the offense only upon offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
During the sentencing hearing, the trial court provided the following explanation for sentencing appellant to the longest prison term:
 "The Court has considered the purposes and principles of sentencing in 2929.11, and after considering recidivism factors in 2929.12, the Court's decision to impose the maximum sentence is based on the fact that the Defendant committed the worst form of the offense, and the Defendant poses the greatest likelihood of committing future crimes.
 "Again, the Defendant has a prior conviction for the same offense, and the age of the victim in this case was that of 14 years of age." August 17, 2001 T. at 5-6.
The trial court noted "the most serious factor that the Court's considered is that the Defendant has served a penitentiary term of 14 years in the State of Tennessee for a conviction of rape under similar circumstances to what this conviction was for." Id. at 5.
We note a pre-sentence investigation report was ordered via journal entry filed August 13, 2001, but said report was not provided with the record for our review. Absent all the information contained in the report, we are unable to test the trial court's decision on appellant's likelihood to re-offend. In addition, after reviewing all the evidence presented at trial, we cannot say the trial court erred in sentencing appellant to the maximum sentence. Appellant was approximately forty-three years old at the time of the incidents and maintained a position of trust and authority over the victim as the "stepfather" of her friend. Appellant engaged in numerous forms of sexual conduct with the victim. T. at 110-113. Faced with the accusations, appellant produced a group of witnesses on his behalf who gave questionable testimony.
Upon review, we cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in finding him to be a sexual predator. We disagree.
In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth relevant factors a trial court is to consider in making its determination.
There is no dispute that upon conviction for rape, appellant has committed a "sexually oriented offense." Appellant argues no clear and convincing evidence was produced to establish that he is "likely to engage in the future in one or more sexually oriented offenses." Appellant points out this was one case involving one victim and there is no proof that he will re-offend.
In finding appellant to be a sexual predator, the trial court found the following:
 "That the Defendant's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses applies; also finds that the age of the victim of the sexually oriented offense for which the sentence is to be imposed applies; that is, the victim was 14 years of age.
 "The Court finds that during the commission of the sexually oriented offense for which the sentence is to be imposed, the Defendant displayed cruelty or made one or more threats of cruelty." August 17, 2001 T. at 8.
We find the trial court's findings as to the victim's age, repeated sexual offenses and the use of force to be correct. As stated supra, the pre-sentence investigation report was not included for our review. Absent this information, we presume regularity in the proceedings and accept as proven appellant's prior sexual offense. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
Upon review, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
By FARMER, P.J. WISE, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.
[1] Appellant was also found guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04 however, because the offenses are allied offenses of similar import, the state elected to proceed on the rape count and appellant was sentenced on such. Although appellant complains of being sentenced to the maximum sentence "on each count," appellant was only sentenced to the maximum sentence on the rape count. Appellant's Brief at 11.